

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 29 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

KERRI L. VIERLING and LARRY M. VIERLING     PLAINTIFFS

v.     CIVIL ACTION NO. 1:15cv243LG-RHW

DEPUTY ROBERT F. KLINE; JACKSON COUNTY,
MISSISSIPPI; MIKE BYRD; CHARLES BRITT;
and JOHN DOES 1 - 5     DEFENDANTS

## COMPLAINT
Jury Trial Requested

Come now, Kerri L. Vierling and Larry M. Vierling, by and through undersigned counsel, and files this their Complaint against the herein named Defendants and in support thereof would show unto the Court as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights Complaint brought by the Plaintiff pursuant to 42 U.S.C. §1983 and the Fourth, Eighth, and Fourteenth Amendments to the *United States Constitution* against the Defendants for Constitutional violations and state law claims for personal injuries suffered by the Plaintiffs as a result of false arrest, false imprisonment, excessive force, and other wrongful acts against the Plaintiffs which occurred November 4, 2014, at the Plaintiffs' home in Biloxi, Mississippi. The Plaintiffs in this action are citizens of the United States and the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Eighth, and Fourteenth Amendments to the *United States Constitution*. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §1331 and 28 U.S.C. §1343. Plaintiffs further invoke the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 over any and all state law claims and as against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all Defendants reside in this Judicial District and all events giving rise to the Plaintiffs' claims occurred within the Southern District of Mississippi.

## PARTIES

4. The Plaintiffs are adult resident citizens of Ocean Springs, Jackson County, Mississippi.

5. The individual Defendants are sued in both their individual and official capacities.

6. Defendant Deputy Robert F. Kline was at all times relevant herein a duly appointed and acting officer, servant, and employee of the Jackson County Sheriff's Department, an agency of Jackson County, Mississippi. At all times relevant hereto, Defendant Kline was acting under color of the laws, statutes, regulations policies, customs, and/or usages of the State of Mississippi, Jackson County, Mississippi, and Jackson County Sheriffs Mike Byrd and Charles Britt, in the course and scope of his employment duties and functions as a deputy/patrol officer with the power and authority

vested in him by the State of Mississippi, Jackson County, Mississippi, and Jackson County Sheriffs Mike Byrd and Charles Britt and was otherwise performing and engaging in conduct incidental to the performance of his duties as a deputy/patrol officer.

7. Defendant Mike Byrd is the former duly elected Sheriff of Jackson County, Mississippi, and, prior to November 2014, was in charge of all operations and actions of the deputies/officers employed at the Jackson County Sheriff's Department, including Deputy Robert F. Kline, and had the final authority to make policy and procedures for the warrant-less arrest of citizens and use of force by deputies/patrol officers. Defendant Byrd was responsible for the supervision and training of Defendant Kline and was further responsible for making and/or implementing policies and practices used by the deputies/patrol offices employed by Jackson County Sheriff's Department regarding warrant-less arrests and use of force. At all times relevant hereto, Defendant Byrd was acting under color of the laws, statutes, regulations policies, customs, and/or usages of the State of Mississippi and Jackson County, Mississippi, in the course and scope of his employment duties and functions as power and authority vested in him by the State of Mississippi and Jackson County, Mississippi. He is sued in both his official and individual capacities.

8. Defendant Charles Britt is the former appointed interim Sheriff of Jackson County, Mississippi, and, was the acting Sheriff of Jackson County, Mississippi, prior to November 2014, was in charge of all operations and actions of the deputies/officers employed at the Jackson County Sheriff's Department, including Deputy Robert F. Kline, and had the final authority to make policy and procedures for the warrant-less

arrest of citizens and use of force by deputies/patrol officers. Defendant Britt was responsible for the supervision and training of Defendant Kline in 2014 and was further responsible for making and/or implementing policies and practices used by the deputies/patrol offices employed by Jackson County Sheriff's Department regarding warrant-less arrests and use of force. At all times relevant hereto, Defendant Britt was acting under color of the laws, statutes, regulations policies, customs, and/or usages of the State of Mississippi and Jackson County, Mississippi, in the course and scope of his employment duties and functions as power and authority vested in him by the State of Mississippi and Jackson County, Mississippi. He is sued in both his official and individual capacities.

9. Defendant Jackson County, Mississippi, is a political subdivision of the State of Mississippi, for which Defendant Robert F. Kline serves as a deputy/patrol officer and Defendants Byrd and Britt served as Sheriff. Defendant Jackson County, Mississippi, is the political subdivision of the State of Mississippi responsible for the training and supervision of Defendants Kline, Byrd, and Britt. Defendant Jackson County, Mississippi, had established or delegated to Defendants Byrd and Britt the responsibility for establishing and implementing policies, practices, procedures, and customs used by deputies/patrol officers employed by Jackson County Sheriff's Department and Defendants Byrd and Britt regarding warrant-less arrests and use of force.

10. John Does 1 - 5 are as yet unidentified persons who may have participated in the actions described herein which resulted in personal injury and other damages to the Plaintiffs, including, but not limited to, bystander liability.

## NOTICE OF TORT CLAIM

11. Plaintiffs timely filed a Notice of Claim with Jackson County, Mississippi, and current Jackson County Sheriff Mike Ezell on February 16, 2015. By letter dated May 19, 2015, the Jackson County Board of Supervisors denied the Plaintiffs' claims.

## STATEMENT OF THE FACTS

12. On November 4, 2014, Plaintiffs Kerri and Mike Vierling were at their home at 15529 Waycross Drive, Biloxi, Mississippi, beginning their evening meal. At approximately 6:00 p.m. that date, there was a very loud and hard knock on the Vierlings' front door. Mrs. Vierling opened the door to find Jackson County Sheriff Deputy Robert F. Kline standing on the front porch who immediately shouted for the Vierlings to "Get Andrew Here Now!". Mr. and Mrs. Vierling then stepped onto their front porch to see why Deputy Kline was screaming at them and he repeatedly screamed at them that he wanted "Andrew" there immediately.[1] Deputy Kline did not identify himself as law enforcement nor did he have an arrest warrant or search warrant. Deputy Kline was not investigating either Mike Vierling or Kerri Vierling on suspicion of committing any crime.

13. Mrs. Vierling explained to Deputy Kline that Andrew was not at their house and did not live there but instead was living with his brother and his wife (Shannon and Kayla Tiblier) just six houses down from the Vierlings' house. In Deputy Kline's presence, Mrs. Vierling called Shannon Tiblier to ask about Andrew's whereabouts and was told that he was not at their house either and that they did not know where he was

---

[1] "Andrew" is Kerri Vierling's son, Randall Andrew Pisarich, Jr.

at that time. Mrs. Vierling told Deputy Kline that Andrew was not at the Tiblier's house. She then called Andrew's cell phone and got no answer. Mrs. Vierling told Deputy Kline that Andrew was not answering and gave him Andrew's cell phone number. Deputy Kline became agitated and again told the Vierlings to get Andrew to the house. Deputy Kline did not go to the Tiblier's house to see if Andrew was there. When the Vierlings could not "produce" Andrew right then and there, Deputy Kline suddenly grabbed Mrs. Vierling and roughly placed her in handcuffs behind her back and basically dragged her off the front porch, through the yard, and toward his patrol car parked in the street.

14. Mr. Vierling followed Deputy Kline toward the street asking why his wife was being arrested but received no response. It was only after Mrs. Vierling was put into the back seat of the patrol car did Deputy Kline tell Mr. Vierling that Mrs. Vierling was being arrested for "disorderly conduct". As Mr. Vierling was standing by the patrol car, he turned his back and raised his hands and Deputy Kline then grabbed Mike and slammed him onto the hood of the patrol car and arrested him for "disorderly conduct". Deputy Kline transported the Vierlings to the Jackson County Adult Detention Center where they were booked and jailed and placed under a $1,000.00 bond each.

15. There were two (2) other unidentified Jackson County Sheriff deputies present at the Vierlings house at the time of the arrest of Mr. and Mrs. Vierling but neither of these two (2) deputies participated in either arrest nor did they intercede to stop the unlawful arrest by Deputy Kline nor did these two (2) deputies take any action to prohibit Deputy Kline's use of excessive force.

16. The Vierlings' trial for "disorderly conduct" in Jackson County Justice Court was scheduled for February 12, 2015. When the case was called on the docket and the Vierlings announced ready for trial, Deputy Kline dismissed the charges against them.

17. As result of the unlawful arrest and detention and excessive use of force by Deputy Kline, the Plaintiffs sustained personal injuries, including but not limited to, broken ribs, contusions, bruises, and swelling. As a direct and proximate result of the intentional and/or negligent acts of Defendants, the Plaintiffs sustained severe mental and physical pain and suffering and injury in an amount that will be established at trial. In addition, the Plaintiffs have suffered severe emotional distress and mental anguish affecting their psychological well-being.

18. Defendant Robert F. Kline did not have adequate training regarding warrant-less arrests, arrests for "disorderly conduct", and the use of force against persons.

19. The failure of Defendants Jackson County, Byrd, and Britt to promulgate, implement, and enforce procedures, policies, or customs regarding warrant-less arrests, arrests for disorderly conduct, and prohibiting the use of excessive force caused the perpetuation of procedures, policies or customs leading directly to the unlawful arrests of the Plaintiffs on November 4, 2014, as well as the use of excessive and unreasonable force against the Plaintiffs.

20. Each of the Defendants, individually, and in their official capacities, acted under color of law to deprive the Plaintiffs of their right to freedom from unlawful arrests and detention and the use of excessive force as secured to Plaintiff by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States and by 42

U.S.C.A. §1983. By the conduct, acts, and omissions described herein, the Defendants are not entitled to qualified immunity or any immunity.

21. Defendants Jackson County, Byrd and Britt failed to adequately supervise Defendant Kline.

22. The Plaintiffs are entitled to compensation for the Constitutional harms that the Defendants inflicted upon them. Plaintiffs are entitled to compensation pursuant to the Mississippi Tort Claims Act for the harms inflicted upon them by the Defendants.

## CAUSES OF ACTION

### COUNT I

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (General Allegations)

23. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-22 of this Complaint.

24. In committing the acts complained of herein, Defendants acted under color of state law to deprive the Plaintiffs of certain constitutionally protected rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to, the right to be free from unlawful arrest and detention and the excessive use of force by persons acting under color of state law.

25. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C.0 §1983. The actions of the Defendants in unlawfully arresting and detaining the Plaintiffs and the use of excessive force against the Plaintiffs was done intentionally, willfully, maliciously and with a

deliberate indifference and/or reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical injuries and emotional pain and suffering in violation of the Plaintiffs' rights as guaranteed under 42 U.S.0 §1983 and the Fourth, Eighth, and Fourteenth Amendments to the *United States Constitution*.

26. The conduct of Defendant Kline was willful, malicious, oppressive and/or reckless, without regard to the rights of the Plaintiffs, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT II

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (Unlawful Arrest and Detention and Use of Excessive Force)

27. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-26 of this Complaint.

28. Plaintiffs had the following clearly established rights at the time of the complained of conduct: the right to be secure in their person from unlawful arrest and detention without probable cause and unreasonable excessive force under the Fourth Amendment; the right to bodily integrity and to be free from unlawful arrest and detention without probable cause and excessive force by law enforcement under the Fourteenth Amendment; the right to not be subjected to cruel and unusual punishment under the Eighth Amendment.

29. Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time. Defendant Kline's unlawful arrest and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth and Eighth Amendments rights of Plaintiffs. Defendant Kline's unlawful arrest and detention of the Plaintiffs was without probable in violation of the Fourth Amendment. Defendant Kline's action and excessive use of force, as described herein, was also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiffs federally protected rights. The force used by Defendant Kline shocks the conscience and violated the Fourth, Eighth, and Fourteenth Amendment rights of Plaintiffs and amounts to deliberate indifference to the rights of the Plaintiffs to be free from unlawful arrest and excessive force under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States. The acts or omissions of these Defendants, as described herein, deprived the Plaintiffs of their constitutional and statutory rights and caused them other damages.

30. The unlawful arrest and use of excessive force by Defendant Kline occurred in the presence of two (2) other Jackson County Sheriff Deputies thereby further violating the Plaintiffs' constitutional rights by Defendant Kline in failing to intervene and prevent the unlawful arrest and detention and the use of excessive force against the Plaintiffs. Neither of the John Doe Defendants took reasonable steps to protect the Plaintiffs from the objectively unreasonable and conscience shocking unlawful arrest and detention and excessive force of Defendant Kline despite being in a position to do so. The John Doe Defendants are each therefore liable for the injuries and damages

resulting from the objectively unreasonable and conscience shocking unlawful arrest and detention and excessive force of Defendant Kline.

31. None of the Defendants are entitled to qualified immunity or any immunity for the complained of conduct.

32. As a direct result of these Defendants' unlawful conduct, Plaintiffs have suffered actual physical and emotional injuries, and other damages and losses as described herein entitling them to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff Larry M. Vierling has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

33. Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

## COUNT III

## Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

## (Policies, Customs, and Practices)

34. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-33 of this Complaint.

35. Defendant Mike Byrd and Charles Britt, in their capacity as Sheriff of Jackson County, Mississippi, and Defendant Jackson County, Mississippi, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, allowing employees of the Jackson County

Sheriff's Department to unlawfully arrest and detain the Plaintiffs without probable cause and to use excessive force against persons arrested.

36. At all relevant times hereto, Defendants Byrd, Britt, and Jackson County, Mississippi, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries sustained by the Plaintiffs. As a result of this deliberate indifference to the Plaintiffs' rights, the Plaintiffs suffered personal injuries and are entitled to relief under 42 U.S.C. §1983.

37. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to the right to be free from unlawful arrest and detention and excessive use of force by persons acting under color of state law.

38. Defendants Mike Byrd and Charles Britt, in their capacity as Sheriff of Jackson County, Mississippi, and Defendant Jackson County, Mississippi, have adopted policies, procedures, practices or customs within the Jackson County Sheriff's Department that allow unlawful arrests and detention and the use of excessive force when other more reasonable and less drastic methods are available.

39. Defendants Byrd and Britt, in their capacity as Sheriff of Jackson County, Mississippi, and Defendant Jackson County, Mississippi, have failed to adopt policies, procedures, practices or customs within the Jackson County Sheriff's Department that would prohibit unlawful arrests and the use of excessive force against pretrial detainees.

40. The actions and omissions of Defendants Byrd and Britt, in their capacity as Sheriff of Jackson County, Mississippi, and Defendant Jackson County, Mississippi, amount to deliberate indifference to the rights of the Plaintiffs to be free from unlawful arrest and detention and from excessive force under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

41. As a result of the deliberate indifference to the Plaintiffs' rights by Defendants Byrd and Britt, individually and in their capacity as Sheriff of Jackson County, Mississippi, and Defendant Jackson County, Mississippi, and their agents, servants and employees, the Plaintiffs suffered serious personal injuries and are entitled to relief under 42 U.S.C. §1983.

42. None of the Defendants are entitled to qualified immunity or any immunity for the complained of conduct.

## COUNT IV

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (Failure to Train and Supervise)

43. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-42 of this Complaint.

44. Defendants Mike Byrd and Charles Britt, in their capacity as Sheriff of Jackson County, Mississippi, and Defendant Jackson County, Mississippi, failed to adequately train and supervise Defendant Kline in the areas of warrant-less arrests, arrests for disorderly conduct, and the use of force against persons arrested for misdemeanor offenses.

45. Defendants Mike Byrd and Charles Britt, in their capacity as Sheriff of Jackson County, Mississippi, and Defendant Jackson County, Mississippi, implicitly or explicitly adopted and implemented careless and reckless supervision and training, that included, among other things, allowing employees of the Jackson County Sheriff's Department to effect warrant-less arrests without probable cause and use excessive force against persons arrested for misdemeanor offenses.

46. The failure of Defendants Byrd and Britt, in their capacity as Sheriff of Jackson County, Mississippi, and Defendant Jackson County, Mississippi, to adequately train and supervise Defendant Kline amounts to deliberate indifference to the rights of the Plaintiffs to be free from unlawful arrest and detention and from excessive force under the Fourth, Eighth, and Fourteenth Amendments to the *Constitution of the United States.*

47. As a result of the deliberate indifference to the Plaintiffs' rights by Defendants Byrd and Britt, individually and in their capacity as Sheriff of Jackson County, Mississippi, and Defendant Jackson County, Mississippi, the Plaintiffs suffered serious personal injuries and are entitled to relief under 42 U.S.C. §1983.

## COUNT V

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (Governmental Entity Liability)

48. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-47 of this Complaint.

49. Defendant Jackson County, Mississippi, directly caused the constitutional violations suffered by the Plaintiffs and are liable for the Plaintiffs' injuries and damages

as a result of the wrongful actions described herein. The conduct of Defendant Kline and Defendants Byrd an Britt as described herein was a direct consequence of inadequate policies and practices of Defendant Jackson County, Mississippi.

50. At all relevant times hereto, Defendant Jackson County, Mississippi, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of Defendants Kline, Byrd, and Britt which encouraged or tacitly sanctioned the warrant-less arrest without probable cause and the use of excessive force against persons arrested for misdemeanor offenses.

51. The wrongful and inadequate policies, practices, customs, or usages complained of herein demonstrate a deliberate indifference on the part of Defendant Jackson County, Mississippi, to the constitutional rights of the Plaintiffs and were the direct and proximate cause of the violations of the Plaintiffs' rights alleged herein

## COUNT VI

### (Mississippi Common Law Negligence)

52. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-51 of this Complaint.

53. Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned incident.

54. Defendants Kline, Byrd, Britt, and Jackson County, Mississippi, directly caused the constitutional violations suffered by the Plaintiffs and are liable for the Plaintiffs' injuries and damages as a result of the wrongful actions of Defendant Kline. The conduct of Defendant Kline as described herein was a direct consequence of policies and practices and customs of Defendants Byrd, Britt, Ezell and Jackson

County, Mississippi.

55. At all relevant times hereto, Defendants Byrd, Britt, and Jackson County, Mississippi, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of Defendant Kline and which encouraged or tacitly sanctioned the warrant-less arrests without probable cause and the use of excessive force against persons arrested for misdemeanor offenses.

56. The wrongful and inadequate policies, practices, customs, or usages complained of herein demonstrate a deliberate indifference on the part of Defendants Byrd, Britt, and Jackson County, Mississippi, to the constitutional rights of the Plaintiffs and were the direct and proximate cause of the violations of the Plaintiffs' rights alleged herein.

## COUNT VIII

### (Mississippi Common Law Assault and Battery)

57. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-56 of this Complaint.

58. Plaintiffs aver that the actions of Defendant Kline were an intentional and deliberate assault and battery upon the Plaintiffs thereby causing them physical harm and injury.

59. Plaintiffs aver that Defendant Kline knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiffs, assaulted them when effectuating the warrant-less arrest of the Plaintiffs without probable cause.

60. As a direct and proximate result of the acts of Defendant Kline, Plaintiffs suffered both physical and mental injuries and are entitled to relief.

## COUNT IX

**(Mississippi Common Law Intentional Infliction of Emotional Distress)**

61. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-60 of this Complaint.

62. The conduct of Defendant Kline as described herein was extreme, outrageous, and utterly unnecessary under the circumstances as then and there presented and was intended to and did cause severe emotional distress to the Plaintiffs.

63. The conduct of Defendant Kiline was the direct and proximate cause of serious physical and emotional pain and suffering sustained by the Plaintiffs.

## COUNT IX

**(Mississippi Common Law Negligent Infliction of Emotional Distress)**

64. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-63 of this Complaint.

65. The conduct of Defendant Kline as described herein was extreme, outrageous, and utterly unnecessary under the circumstances as then and there presented and was intended to and did cause severe emotional distress to the Plaintiffs.

66. Defendant Kline's wrongful arrest of the Plaintiffs and his use of excessive force against the Plaintiffs was careless and negligent as to the mental and emotional health of the Plaintiffs.

67. The conduct of Defendant Kline was the direct and proximate cause of serious physical and emotional pain and suffering sustained by the Plaintiffs.

## COUNT X

### (Mississippi Common Law Malicious Prosecution)

68. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-67 of this Complaint.

69. Defendant Kline instituted criminal proceedings which were terminated in the Plaintiffs' favor. The criminal proceedings instituted by Defendant Kline were instituted with malice and without probable cause.

70. The conduct of Defendant Kline was the direct and proximate cause of serious physical and emotional pain and suffering sustained by the Plaintiffs.

## COUNT XI

### (*Respondeat Superior* Liability for State Law Claims)

71. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-70 of this Complaint.

72. The unlawful conduct of Defendant Kline occurred while Defendant Kline was in the course and scope of his employment as a deputy/patrol officer with Jackson County Sheriff's Department, an agency of Jackson County, Mississippi.

73. As a result, Jackson County, Mississippi, is liable to the Plaintiffs pursuant to *respondeat superior* for the Plaintiffs' state law claims.

## REQUEST FOR RELIEF

Based on the foregoing, the Plaintiffs respectfully request the Court to enter judgment for the Plaintiffs and against each of the Defendants and grant:

(1) compensatory and consequential damages, including damages for physical injuries and emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(2) economic losses on all claims allowed by law;

(3) special damages to be determined at trial;

(4) punitive damages based on the willful, oppressive and/or reckless conduct of the Defendants to be determined at trial;

(5) attorney fees an the costs associated with this action under 42 U.S.C §1983, including expert witness fees, on all claims allowed by law;

(6) both pre- and post-judgment interest at the lawful rate; and

(7) any further relief this Court deems just and proper at law or in equity.

RESPECTFULLY SUBMITTED, this the 29TH day of July, 2015.

KERRI L. VIERLING and LARRY M. VIERLING
Plaintiffs

BY: _____
Scott D. Smith, MSB #7601

Scott D. Smith, Attorney at Law, PLLC
P.O. Box 4603
Biloxi, MS 39535
Telephone: 228/385-7737
Facsimile: 228/385-7738
Email: scottsmithatty@bellsouth.net

## VERIFICATION

State of Mississippi
County of Harrison

    Personally appeared before me, the undersigned authority in and for the above mentioned County and State, Kerri L. Vierling and Larry M. Vierling, who, after first being duly sworn on their oath, states that the statements and averments contained in this pleading are true and correct as therein stated.

_____
Kerri L. Vierling

_____
Larry M. Vierling

Sworn to and subscribed before me this the __1st__ Day of __July__, 2015.

_____
Notary Public

My Commission Expires: __11/04/2016__

*[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC, ID # 91356, DAVID L. BULL, Commission Expires Nov. 4, 2016, HARRISON COUNTY]*